

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CINDY N. ASCENCIO and JERRY W. MACIAS,

Plaintiffs,

v.

GENERAL MOTORS LLC,

Defendant.

Case No. CV 25-8508 PVC

**MEMORANDUM OPINION AND ORDER**

**I.**

**INTRODUCTION**

In April 2025, Cindy N. Ascencio and Jerry W. Macias filed a Complaint in Los Angeles County Superior Court against General Motors LLC, alleging breach of implied and express warranties under (1) the California Song-Beverly Consumer Warranty Act and (2) the federal Magnuson-Moss Warranty Act. (Dkt. No. 1-1). On September 8, 2025, Defendant filed a Notice of Removal, removing the action to federal court. ("Notice," Dkt. No. 1).

On October 3, 2025, Plaintiffs filed a Motion to Remand (Dkt. No. 14), supported by the Declaration of Michelle Yang (Dkt. No. 14-1) and accompanying exhibits. On October 13, Defendant filed its Opposition (Dkt. No. 15), supported by the Declaration of Kevin M. Fitch ("Fitch Decl.," Dkt. No. 15-1) and accompanying exhibits. On October 21, Plaintiffs filed a Reply in support of their Motion. (Dkt. No. 17). The Court held a hearing on October 28 (Dkt. No. 20), and on November 12, ordered supplemental briefing (Dkt. No. 21). Defendant filed its supplemental brief on November 19 ("Def. Supp.," Dkt. No. 22), and Plaintiffs filed theirs on November 26 ("Pl. Supp.," Dkt. No. 23).

The parties have consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 4, 10). For the reasons stated below, the Motion to Remand is DENIED.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs purchased a 2022 Chevrolet Silverado 1500 ("Subject Vehicle") in April 2022. (Compl. ¶¶ 6, 9). Plaintiffs allege that the Subject Vehicle was defective and that Defendant failed to fulfill its warranty obligations. (*Id.* ¶¶ 12, 14). Plaintiffs state five causes of action arising under the Song-Beverly Act (*id.* ¶¶ 8–33) and the Magnuson-Moss Warranty Act (MMWA) (*id.* ¶¶ 34–44). They seek actual damages, civil penalties, consequential and incidental damages, costs and attorneys' fees, and prejudgment interest. (*Id.* at 6).

## III.
## DISCUSSION

Plaintiffs move to remand the action to state court, arguing that Defendant's removal was untimely and not substantively proper. (Mot. at 4–5).

### A. Legal Standards

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over matters authorized only by the Constitution and statute. *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 26 (2025). There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). The defendant "always has the burden of establishing that removal is proper," *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (citation omitted), and any ambiguities or

doubt as to an action's removability are resolved in favor of remand, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

If the action stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005); *accord Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two 30-day timelines, but within a year of commencement of the action. 28 U.S.C. § 1446(c); *see Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (observing § 1446(c) requires that "a notice of removal must be filed, in any event, within one year of the commencement of the action").

**B. <u>Analysis</u>**

**1. Timeliness of Removal**

Plaintiffs contend that removal was untimely because the Complaint asserts that they were California residents and "Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold." (Mot. at 2). But diversity jurisdiction

is based on Plaintiffs' *citizenship*, not their *residence*. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (parties' actual citizenship, not residency, determines diversity); *accord Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016). And the Complaint does not allege the actual price paid or payable by Plaintiffs for the Subject Vehicle or any information from which Defendant could estimate statutory offsets such as the mileage of the vehicle when presented for repair. Thus, the amount in controversy on Plaintiffs' Song-Beverly Act claims is indeterminate from the face of the Complaint, and the 30-day clock under the first pathway of removal does not apply.

Plaintiffs contend, however, that "[g]iven its sophisticated knowledge of the motor vehicle industry, Defendant GM has, at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the Complaint." (Mot. at 7). To the contrary, the "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694; *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) ("declin[ing] to hold that materials outside the complaint start the thirty-day clock").

Plaintiffs additionally argue that because their complaint contains a federal cause of action under the MMWA, federal question jurisdiction was clear from the complaint. (Mot. at 5). The MMWA includes an amount in controversy threshold of $50,000. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C. § 2310(d)). Accordingly, federal jurisdiction for an MMWA claim "does not exist unless the amount in controversy exceeds $50,000." *Id.* (citation omitted); *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy

is less than $50,000."). Here, the Complaint does not clearly assert the basis for damages on the MMWA claim, and as discussed above, the Complaint is indeterminate as to any values necessary to calculate an amount in controversy. Accordingly, inclusion of the MMWA claim in the Complaint did not start a 30-day clock for removal.

**2. Amount in Controversy**[1]

Plaintiff vaguely contends that Defendant "failed to establish removal is substantively proper." (Mot. at ii; *see id.* at 8–9). But "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under the Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)–(d). A plaintiff may also be entitled to civil penalties if the defendant's violations were willful.

---

[1] The parties do not dispute that there is complete diversity. Based on its own investigation, Defendant asserts that Plaintiffs are California citizens. (Notice at 3; *see* Opp'n at 16–17). A limited liability company (LLC) such as Defendant is a citizen of each state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen in the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Defendant is an LLC whose sole member is General Motors Holdings LLC. (Notice at 3). The sole member of General Motors Holding LLC is General Motors Company. (*Id.*). General Motors Company is incorporated in Delaware with a principal place of business in Michigan. (*Id.*). Thus, there is complete diversity of citizenship between the parties.

Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id.*

The Notice plausibly alleges that the amount in controversy exceeds the jurisdictional threshold. After its preliminary investigation, Defendant estimated the Subject Vehicle's purchase price was $69,244.25. (Notice at 5). Defendant also estimated $51,486.32 in statutory deductions, yielding an estimate of actual damages of $17,757.93. (*Id.*). The Complaint also seeks civil penalties in the amount of twice Plaintiffs' actual damages. (Compl. at 6). The Song-Beverly Act also allows recovery of attorneys' fees, which Defendant estimates at $5,000 as of the date of removal. (Notice at 6). In sum, Defendant's investigation revealed a plausible basis for concluding that the amount in controversy exceeded the jurisdictional threshold.

Plaintiffs contends that Defendant failed to demonstrate that the amount in controversy exceeds the jurisdictional threshold. (Mot. at 9–11). If the plaintiff contests the defendant's jurisdictional allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 88. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "But assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted).

Here, Defendant has provided the purchase agreement, repair history, and loan payment history for the Subject Vehicle.[2] (Opp'n at 16–17; *see* Fitch Decl. ¶¶ 2–4 & Exs.

[2] Plaintiffs inexplicably argues that Defendant failed to provide the purchase agreement, repair chronology, offset data, and pre-suit exchanges. (Reply at 3–5).

A–C). Based on this information, Defendant applied a mileage offset, other deductible offsets, and estimated the remaining unpaid financing, which indicated actual damages reasonably estimated as $34,932.42. (*Id.* at 16–17). Plaintiffs alleged willful violation of the Song-Beverly Act in his Complaint and seek civil penalties twice actual damages. (Compl. at 6 & ¶¶ 18, 25, 29). This raises the reasonable amount in controversy to $104,797.26 without even considering attorneys' fees.

Plaintiffs contend that mere allegations of willfulness are insufficient to place civil penalties in controversy. (Mot. at 10–11; Reply at 5–8). The Court is mindful that some district courts require defendants to proffer evidence that a plaintiff will receive the maximum amount of civil penalties. *See, e.g., Gomez v. Nissan North America, Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5–6 (C.D. Cal. Jan. 3, 2025) (declining to consider civil penalties because plaintiff's allegations of willfulness were conclusory). Nevertheless, "[m]any courts have included the maximum civil penalty available under the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." *Amavizca v. Nissan North America, Inc.*, No. ED CV 22-02256 JAK (KK), 2023 WL 3020489, at *6–8 (C.D. Cal. Apr. 19, 2023) (collecting cases).

Here, Plaintiffs allege that they are entitled to a civil penalty of two times their actual damages due to Defendant's willful conduct (Compl. at 6; *see id.* ¶¶ 17, 24, 28), and Defendant provides evidence that the Subject Vehicle was presented for repair at least six times (Opp'n at 18; *see* Fitch Decl. ¶ 3 & Ex. B). Although Plaintiffs contend that Defendant's civil penalty assumption is unsupported, Plaintiffs do not address their own allegations regarding willful conduct or Defendant's evidence regarding the number of times the vehicle was presented for repair. The Court finds that it is appropriate here to include the maximum amount of civil penalties in the calculation of the amount in

controversy. The inclusion of civil penalties results in an amount in controversy that exceeds $75,000, without consideration of attorneys' fees and costs.

In sum, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

**IV.**

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**. The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED**.

DATE: January 6, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE